**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

|  |  |
|---|---|
| SCIENTIAM SOLUTIONS, LLC,<br><br>                     Plaintiff,<br><br>v.<br><br>BPS DIRECT, LLC, BASS PRO, LLC, and<br>BASS PRO OUTDOOR World, LLC d/b/a<br>BASS PRO SHOP and/or CABELA'S,<br><br>                     Defendants. | Civil Action No. 2:26-cv-243<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Scientiam Solutions, LLC ("Scientiam" or "Plaintiff"), by and through the undersigned attorneys, files this Complaint against Defendants BPS Direct, LLC, Bass Pro LLC, and Bass Pro Outdoor World, LLC d/b/a Bass Pro Shop and/or Cabela's (together, "Bass Pro" or "Defendants") for infringement of U.S. Patent Nos. 11,060,821 and 10,685,468 (the "Asserted Patents").  Scientiam hereby alleges as follows:

## NATURE OF THE ACTION

1.      This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq*., specifically including 35 U.S.C. § 271.

2.      Scientiam has filed this lawsuit to stop Bass Pro's unlawful infringement of Scientiam's patented inventions and to obtain damages and other relief.

## THE PARTIES

3.      Scientiam is a limited liability company organized and existing under the laws of the state of Texas, with its principal place of business at 110 N. College Ave., Tyler, Texas 75702.

4.      Upon information and belief, BPS Direct, LLC is a company organized and existing under the laws of the state of Delaware with an established and regular place of business at 151 Market Square Blvd., Tyler, Texas 75703 and at 1 Cabela Drive, Allen, Texas, 75002.  BPS Direct can be served via its registered agent, CT Corporation, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

5.      Upon information and belief, Bass Pro, LLC is a company organized and existing under the laws of the state of Delaware with an established and regular place of business at 151 Market Square Blvd., Tyler, Texas 75703 and at 1 Cabela Drive, Allen, Texas, 75002.  Bass Pro can be served via its registered agent, CT Corporation, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

6.      Upon information and belief, Bass Pro Outdoor World, LLC d/b/a Bass Pro Shop and/or Cabela's is a company organized and existing under the laws of the state of Missouri with an established and regular place of business at 151 Market Square Blvd., Tyler, Texas 75703.  Bass Pro Outdoor World can be served via its registered agent, CT Corporation, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## BACKGROUND

7.      Scientiam files this action to end Bass Pro's unlicensed use of Scientiam's patented technologies in its private labeled products.  Bass Pro makes, uses, sells, offers for sale, and/or imports into the United States private labeled products including, for example, Red Head, SHE Outdoors, and Instinct apparel and other products, physically bearing, containing, covered with and/or embossed with camouflage patterns.

8.      Scientiam's inventive technology team has been recognized as leaders in the design, development, and manufacture of stealth and camouflage products for over two decades. As described in the application for Scientiam's United States Patent 11,060,821 ("the '821

Patent"), state of the art camouflage technology from 2007 and before suffered from numerous deficiencies in effectiveness, pattern construction and technology.   Even contemporaneous camouflage technology and manufacturing processes that attempted to draw on photographic foundations sought to match the image or to appear to be part of the environment displayed in the photograph.  Scientiam's patented technology took a different approach.  For example, as set forth in the issued '821 Patent claims, Scientiam's inventive technology team discovered that applying a disruptive pattern, especially affecting foreground elements of the image on the camouflage substrate, accompanied with a complementary distortion affecting depth perception of the viewer, provided enhanced, superior effectiveness.  The '821 Patent describes the means and methods for making these ground-breaking camouflage coverings and substrates.    Scientiam's United States Patent 10,685,468 ("the '468 Patent") further provides improved means and methods for constructing camouflage products incorporating the claimed '821 Patent technology, including disclosure for making enhanced effectiveness camouflage efficiently, essentially on the fly, via portable devices.

9.       Despite exhaustive disclosures of this new technology, its benefits and how to make and use it, in the '821 Patent application, the United States Patent Office (USPTO) exhaustively reviewed the claimed technology before granting a patent.  Although initially filed provisionally in 2007, and as a formalized application in 2008, the USPTO did not grant the '821 Patent until 2021.  During those fourteen years, the USPTO examiner subjected the '821 Patent claims to repeated, rigorous examination and scrutiny against examples of existing camouflage technology.  Finally, after review and approval of the '821 claims by the Patent Appeal Board, the examiner recognized the innovation embodied in the '821 Patent claims, and the USPTO issued the patent.  Similarly, the USPTO subjected the '468 Patent to 8 years of review.

10.      While the USPTO conducted its drawn-out study of the '821 and '468 Patents, the Scientiam technology team continued to develop improved pattern technology, manufacturing processes, and a portable app for designing camouflage patterns efficiently, many of which are also patented.   For example, the team's mobile app made pursuant to the '468 patent could be wielded in the field to create camouflage designed for a specific site or application, readily mixing disruptive patterns and distortions with related photos, drawing from relevant color palettes for the intended site or product application.

11.      The industry had no doubts about the efficacy of this new camouflage technology and related construction methods.  Scientiam camouflage technology was featured in the January 2012  Popular  Science  cover  article,  "The  New  Science  of  Stealth." PRNewswire(https://www.prnewswire.com/news-releases/camoscience-app-instantly-transforms-your-photos-into-custom-next-gen-camouflage-designs-116957168.html) and Soldier Systems        (https://soldiersystems.net/2012/01/05/special-operations-apps-announces-new-camouflage-technology/ ) likewise announced this new camouflage technology.

12.      Following on this positive press coverage and related industry praise, retailers Bass Pro and Cabela's – then separate, independent and successful outdoor and camouflage product retailers – each invited Scientiam's inventive technology team to meet with their executive, corporate product development, and marketing teams to explain and demonstrate Scientiam's patent pending camouflage technologies and its application to all manner of products, including bedding, apparel, outdoor gear, sporting goods, vehicles, etc. As requested, the Scientiam technology team met in person with both Bass Pro and Cabela's teams and demonstrated their new camouflage technology, how it could be readily created (including using their custom mobile design application), and how it readily could be applied to/incorporated with consumer products

and apparel.  Both Bass Pro and Cabela's teams were allowed to and personally did use the demonstrated application to create and manipulate terrain images, select templates of dispersal patterns,  and fill multiple mask layers for those dispersal patterns with portions of the image and colors and/or other images to create custom camouflage patterns. The Bass Pro and Cabela's teams then distributed the produced camouflage patterns with related metadata internally within their respective companies.  Despite lauding the technology during multiple meetings, neither retailer was willing to partner commercially with the Scientiam technology team at that time.

13.    Unknown to the Scientiam team then, however, shortly after meeting with the Scientiam inventive team to review their innovative camouflage technology, Bass Pro moved rapidly to implement that technology into its own products.  Bass Pro proceeded to forge a partnership with TrueTimber, a global camouflage material supplier, to reconfigure its own line of private label camouflage products sold in its stores.  On information and belief, Bass Pro disclosed to TrueTimber the process demonstrated by the Scientiam team and used by the Bass Pro team during the in-person meetings.  For example, with the new TrueTimber Kanati pattern, Bass Pro rebuilt its Red Head brand, based on the camouflage technology disclosed by the Scientiam technology team.  Shortly thereafter, Bass Pro purchased Cabela's and incorporated its network of retail stores and experiences into an expanded and coordinated network of retail outlets, thereby expanding its marketing reach for its products using this new camouflage technology.  On information and belief, Bass Pro continues to source all of its Red Head and SHE Outdoor product camouflage patterns through TrueTimber. Bass Pro's RedHead and SHE Outdoor camouflage products continue to rely on camouflage technology as first disclosed by the Scientiam team across multiple patterns used by those products.  Bass Pro also sells its own branded camouflage products through its Cabela's stores, including for example, the Instinct private label clothing, accessories,

and products, which on information and belief also relies exclusively on patterns sourced from TrueTimber.  These products likewise reflect the Scientiam teachings and technology disclosed to Bass Pro and Cabela's before adoption by TrueTimber.

14.    Unfortunately for the Scientiam technology team and its investor family at the time, during this fundamental transformation of the camouflage industry, the applications for its '821 and '468 Patents remained under review at the USPTO – rendering the Scientiam team powerless to intervene in Bass Pro's profitable march to commercial success with its private label camouflage products.  Lacking the resources to compete with this combined retail powerhouse, the Scientiam technology team and its investors were excluded from the growing consumer market that their technology had fostered.

15.    Scientiam's decades-long dedication to innovation in camouflage technology and effectiveness has resulted in important intellectual property.  The asserted '821 Patent represents a cornerstone of Scientiam's novel and improved camouflage technologies resulting from its innovation, investment, and hard work.  The asserted '468 Patent expands manufacturing options for products embodying the Scientiam technologies, even providing mobile device options for customizing products to meet evolving consumer demand.

## JURISDICTION AND VENUE

16.    Jurisdiction and venue for this action are proper in this Judicial District.

17.    This action arises under the patent laws of the United States, namely 35 U.S.C. §§ 271, 281, and 284–285, among others.

18.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this is a civil action arising under the Patent Act.

19.    This Court has personal jurisdiction over Bass Pro.  Bass Pro has established minimum contacts with Texas, operating numerous and well-established places of business,

-6-

including in this Judicial District, such that subjecting Bass Pro to jurisdiction in this Court will not offend traditional notions of fair play and substantial justice.  Upon information and belief, Bass Pro directly and indirectly through intermediaries has purposely availed itself of the laws and protections of the United States and Texas by registering to do business in Texas and knowingly shipping, distributing, selling, offering for sale, importing, advertising, and using private label products alleged to be infringing in this Complaint in the United States, the state of Texas, and this District.  Bass Pro has targeted Texas and this District by conducting regular business therein, and has placed and continues to place its private label products into the stream of commerce through an established distribution channel with the expectation and/or knowledge that they will be purchased by consumers in the United States, the State of Texas, and this District.

20.     For example, Bass Pro has purposefully sold its private label products alleged to be infringing in this Complaint from stores located within this District, including the stores located at 151 Market Square Blvd., Tyler, Texas 75703 and at 1 Cabela Drive, Allen, Texas, 75002. Accused Bass Pro private label products were purchased by consumers in this District, providing Bass Pro with substantial revenues from its infringing acts occurring within the State of Texas and this District.  On information and belief, these infringing products continue to be purchased by consumers in this District.  Scientiam's claims for patent infringement arise directly from and/or relate to this activity.

21.     Venue is proper and convenient in this District under 28 U.S.C. §§ 1391(a)–(d) and 1400(b).  Bass Pro has multiple established places of business in this District and has committed acts of patent infringement in this District, from which Scientiam has suffered harm in this District.

## THE ASSERTED PATENTS

22.     On July 13, 2021, the USPTO duly and lawfully issued U.S. Patent 11,060,821, titled "Camouflage Patterns, Arrangements and Methods for Making The Same."  A true and

correct copy of the '821 Patent is attached as **Exhibit 1**.  On April 5, 2018, the USPTO published the application for the '821 Patent for the interested public to review.

23.    On June 16, 2020, the USPTO duly and lawfully issued U.S. Patent 10,685,468, titled "Systems, Processes, and Computer Program Products for Creating Geo-Location-Based Visual Designs and Arrangements Originating From Geo-Location-Based Imagery."  A true and correct copy of the '468 Patent is attached as **Exhibit 2**.  On March 8, 2018, the USPTO published the application for the '468 Patent for the interested public to review.

24.    The USPTO subjected the '821 Patent to rigorous examination during nearly 14 years pending in the Patent Office.  After years of evaluation by trained examiners concerning issues such as novelty, obviousness, and patentable subject matter, the Patent Trial and Appeal Board of the USPTO endorsed the '821 Patent claims.  The USPTO issued the '821 Patent shortly after the Board decision on the merits of the '821 Patent claims.

25.    Scientiam owns, by assignment, all rights, title, and interest in the '821 Patent, including the rights to recover past, present, and future damages for infringement.

26.    Each claim of the '821 Patent was issued after a full and fair examination and is valid, enforceable, and patent-eligible.

27.    The USPTO subjected the '468 Patent to rigorous examination during its 8 years pending in the Patent Office.  After years of evaluation by trained examiners concerning issues such as novelty, obviousness, and patentable subject matter, the USPTO issued the '468 Patent claims.

28.    Scientiam owns, by assignment, all rights, title, and interest in the '468 Patent, including the rights to recover past, present, and future damages for infringement.

29.    Each claim of the '468 Patent was issued after a full and fair examination and is valid, enforceable, and patent-eligible.

30.    On information and belief, Bass Pro has had knowledge that the Patent Office was examining the applications for the '821 and '468 Patents at least since 2013.  At least as of the filing date of this lawsuit, Bass Pro has had knowledge of the issued '821 Patent and '468 Patent claims, and knowledge of how Bass Pro infringes those patents.

## THE ACCUSED PRODUCTS

31.    The "Accused Products" are the Bass Pro private label Red Head, SHE Outdoor, and Instinct camouflage products made, used, sold, offered for sale, or imported by Bass Pro, including by way of non-limiting example Men's, Women's, and Kids' hunting clothing as well as boots, waders, huting accessories, bags, and other camouflage products

32.    Bass Pro makes, uses, sells, offers for sale, and/or imports into the United States a variety of private label camouflage products, including the Red Head, SHE Outdoor, Instinct lines of products.  These private label product lines include by way of non-limiting example shirts, jackets, parkas, bibs, pants, coveralls, footwear, vests, packs, facemasks, gaiters, gloves, caps, hats, muffs, suspenders, belts, etc.  Bass Pro actively markets and supports sales of these private label Red Head, SHE Outdoor and Instinct products through its websites and stores, including in this District.

## INFRINGEMENT OF THE '821 PATENT

33.    Scientiam hereby incorporates the allegations of Paragraphs 1 through 32 as fully set forth herein.

34.    Each claim of the '821 Patent is valid, enforceable, and patent-eligible.

35.     The '821 Patent claims a specific product including specific physical characteristics composed of tangible, concrete components identified in the claimed combination of elements. Claim 1 recites a "camouflage substrate" comprising a substrate with an applied camouflage pattern having specific physical parameters, including using a modified "photographic image" to produce particular physical characteristics. *See* '821 Patent at claim 1. Following endorsement of the claims by the USPTO Patent Trial and Appeal Board ('821 USPTO Board Decision, Jan. 12, 2021), the examiner recognized that this collection of physical components was not present in the art. *See* '821 Patent Notice of Allowance and Fees Due (Feb. 18, 2021) at page 2-3.

36.     The Accused Products meet each and every limitation of at least claim 1 of the '821 Patent, literally or under the doctrine of equivalents, as set forth in **Exhibit 3** and incorporated herein by reference.

37.     Upon information and belief, Bass Pro has directly infringed and continues to directly infringe one or more claims of the '821 Patent in at least this District by making, using, selling, offering to sell in the United States, and/or importing into the United States the Accused Products in violation of 35 U.S.C. § 271.

38.     To the extent compliance is required, Scientiam has complied with and may recover pre-suit damages for Bass Pro's infringement of the '821 Patent under 35 U.S.C. § 287.

39.     To the extent that Bass Pro has continued or continues to make, use, sell, offer for sale and/or import into the United States the Accused Products that infringe the '821 Patent following its awareness of the '821 Patent, Bass Pro's infringement is willful and entitles Scientiam  to an award of enhanced damages pursuant to 35 U.S.C. § 284 and attorneys' fees pursuant to 35 U.S.C. § 285.

40.    As a result of Bass Pro's infringement of the '821 Patent, Scientiam has been irreparably harmed and will continue to be harmed unless and until Bass Pro's infringement is enjoined by this Court.  Scientiam is entitled to recover for damages and ongoing royalties sustained as a result of Bass Pro's wrongful acts in an amount subject to proof at trial.

41.    By its actions, Bass Pro has injured Scientiam and is liable to Scientiam for infringement of the '821 Patent pursuant to 35 U.S.C. § 271.  Scientiam is entitled to damages as set forth in at least 35 U.S.C. §§ 284 and 285.

## INFRINGEMENT OF THE '468 PATENT

42.    Scientiam hereby incorporates the allegations of Paragraphs 1 through 41 as fully set forth herein.

43.    Each claim of the '468 Patent is valid, enforceable, and patent-eligible.

44.    On information and belief, at least those Accused Products bearing the Strata TrueTimber pattern infringe at least claim 13 of the '468 Patent.

45.    Claim 13 of the '468 Patent claims a process of manufacture.  The Accused Products are manufactured, in the United States or abroad, according to a specific manufacturing process the details of which are not publicly available.  Scientiam has contacted Bass Pro regarding its use of Scientiam patented technology and methods but has received no response.

46.    Scientiam team members demonstrated the method of claim 13 to Bass Pro representatives using their mobile application, and Bass Pro representatives personally used that mobile application to create custome camouflage patterns based on digital images maninuplated via termplated dispersal patterns with multiple mask layers filled with the image, colors or other images.  At least the Accused Products bearing the TrueTimber Strata pattern sold by Bass Pro bear visible evidence further suggesting a substantial likelihood that they were made using the essential steps of the patented process of the '468 Patent. For example, the accused private label

Bass Pro products admittedly use digital imagery. https://www.basspro.com/b/truetimber.  With that imagery, the TrueTimber Strata pattern as applied to Bass Pro private label products, for example, shows evidence of multiple compositing layers, including a photographic layer with a texture resembling rock/grain applied to the substrate, large light tan regions with visible boundaries, mid-scale dark disruptive regions having abrupt transitions at boundaries with textures differing from surrounding regions—including with portions of photographic images, and an overlay layer with speckling and unique boundaries from the other layers although with visual overlap among the layers.  These layers are consistent with filling of dispersal mask layers as claimed and demonstrated to Bass Pro representatives.  Further, for example, irregular boundaries appear repeated across the pattern, suggesting a reused template shape.  Similarly, photographic textures abruptly change along boundaries, as would be considered typical of masked image filling.  And, some foreground elements appear to overlay multiple other image elements, which again is consistent with separate compositing layers.

47.     The Accused Products meet each and every limitation of at least claim 13 of the '468 Patent, literally or under the doctrine of equivalents, as set forth above and as further explained in **Exhibit 4** and incorporated herein by reference.

48.     Pursuant to 35 U.S.C. §295, the Court should presume that Bass Pro and/or its suppliers perform all steps of at least claim 13.  Based on Bass Pro's access to and knowledge of the patented '468 Patent process along with current computerized fabric  manufacturing technology, it is substantially likely that the claimed steps are performed.  This presumption is reasonable at least in view of the personal demonstrations of the claimed '468 Patent process to Bass Pro representatives, the visible evidence present in the Bass Pro private label camouflage products as sold and Bass Pro's failure to respond to repeated inquiries from Scientiam.

49.     To the extent compliance is required, Scientiam has complied with and may recover pre-suit damages for Bass Pro's infringement of the '468 Patent under 35 U.S.C. § 287.

50.     To the extent that Bass Pro has continued or continues to make, use, sell, offer for sale and/or import into the United States the Accused Products that infringe the '468 Patent following its awareness of the '468 Patent, Bass Pro's infringement is willful and entitles Scientiam  to an award of enhanced damages pursuant to 35 U.S.C. § 284 and attorneys' fees pursuant to 35 U.S.C. § 285.

51.     As a result of Bass Pro's infringement of the '468 Patent, Scientiam has been irreparably harmed and will continue to be harmed unless and until Bass Pro's infringement is enjoined by this Court.  Scientiam is entitled to recover for damages and ongoing royalties sustained as a result of Bass Pro's wrongful acts in an amount subject to proof at trial.

52.     By its actions, Bass Pro has injured Scientiam and is liable to Scientiam for infringement of the '468 Patent pursuant to 35 U.S.C. § 271.  Scientiam is entitled to damages as set forth in at least 35 U.S.C. §§ 284 and 285.

53.

## PRAYER FOR RELIEF

WHEREFORE, Scientiam prays for relief as follows:

A.   A judgment that Bass Pro has infringed, directly or indirectly, the '821 Patent and/or the '468 Patent;

B.   A judgment that Bass Pro has willfully infringed each of the '821 Patent and/or the '468 Patent;

C.   A judgment requiring Bass Pro to pay Scientiam damages adequate to compensate Scientiam for Bass Pro's infringement of the '821 Patent and/or the '468 Patent, including compensatory damages, costs, and expenses, under 35 U.S.C. § 284;

D.    A judgment requiring Bass Pro to pay Scientiam pre-judgment and post-judgment interest on the damages assessed;

E.    A judgment requiring Bass Pro to pay Scientiam enhanced damages pursuant to 35 U.S.C. § 284;

F.    A judgment requiring Bass Pro to pay supplemental damages to Scientiam, including interest, with an accounting, as needed;

G.    A judgment enjoining Bass Pro from infringing the '821 Patent and/or the '468 Patent;

H.    An award of reasonable attorneys' fees, including pursuant to 35 U.S.C. § 285; and

I.    Any and all other relief that the Court deems just and equitable.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Scientiam hereby demands a jury trial on all issues raised by this complaint.

DATED: March 24, 2026               Respectfully submitted,

*/s/ Melissa R. Smith*
Melissa Smith
Texas Bar No. 24001351
melissa@gillamsmithlaw.com
J. Travis Underwood
Texas Bar No. 24102587
Travis@gillamsmithlaw.com
**GILLAM & SMITH LLP**
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile:  (903) 934-92

Richard A. Cederoth
rick@cederothlaw.com

-14-

**CEDEROTH LAW OFFICES**
546 N. Euclid Ave.
Oak Park, Illinois 60302
Telephone: (312) 925-5728

*Attorneys for Plaintiff*
*Scientiam Solutions, LLC*